T.C. Memo. 2003-35


UNITED STATES TAX COURT


JOHN R. RIVERA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2401-01L.                    Filed February 14, 2003.


John R. Rivera, pro se.

<u>Lisa M. Oshiro</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether respondent correctly determined the amounts of petitioner's tax liabilities and whether respondent abused his discretion in proceeding with collection.

FINDINGS OF FACT

Respondent assessed petitioner's Federal income tax liability relating to 1977 through 1992, 1994, and 1997 as follows:

| Tax Year | Tax Liability | Assessment Date |
|----------|---------------|-----------------|
| 1977-84 | $121,359 | Oct. 2, 1995 |
| 1985 | 5,741 | Oct. 10, 1994 |
| 1986 | 4,201 | Oct. 17, 1994 |
| 1987 | 4,061 | Oct. 24, 1994 |
| 1988 | 4,414 | Oct. 31, 1994 |
| 1989-90 | 13,092 | Nov. 7, 1994 |
| 1991 | 5,558 | Sept. 26, 1994 |
| 1992 | 1,324 | Sept. 19, 1994 |
| 1994 | 10,106 | Oct. 23, 1995 |
| 1997 | 4,663 | Aug. 30, 1999 |

Respondent also assessed interest, various penalties, and additions to tax relating to the years in issue.

On February 1, 2000, respondent sent petitioner Notices of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 relating to 1977 through 1992, 1994, and 1997. On February 21, 2000, petitioner filed a Form 12153, Request for a Collection Due Process Hearing.

On December 11, 2000, petitioner attended the Collection Due Process Hearing (the hearing), during which petitioner and respondent discussed the assessments, various collection alternatives, and whether petitioner would submit so called "corrected returns" relating to 1977 through 1984 (i.e., the tax years for which respondent prepared substitute returns). In addition, respondent asked petitioner to submit a financial

statement so that an offer in compromise might be considered and told petitioner to select, prior to January 2, 2001, one of the collection alternatives discussed during the hearing. Petitioner did not select a collection alternative or submit any additional evidence relating to his tax liability. On January 22, 2001, respondent issued a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and 6330 (the determination) denying petitioner's appeal.

On February 21, 2001, petitioner, while residing in Silverdale, Washington, filed his petition for review of the determination. On October 9, 2001, respondent served upon petitioner Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340) for all years in issue and a request for admissions. Petitioner did not respond to the request for admissions.

On January 28, 2002, respondent filed with the Court a trial memorandum. In the trial memorandum, respondent stated: (1) Petitioner did not file tax returns relating to 1978[1] through 1984 but did file returns relating to 1985 through 1992, 1994, and 1997; (2) "quick assessments" made on October 2, 1995, relating to 1978 through 1984 indicated that petitioner was the subject of a jeopardy assessment; (3) notices of deficiency dated

---

[1] Respondent did not include 1977, one of the tax years at issue.

October 9, 1995, were issued to petitioner relating to 1978 through 1984, and, as a result, petitioner was not entitled to challenge the underlying tax liability; and (4) for 1985 through 1992, 1994, and 1997, notices of deficiency were not issued to petitioner, and, as a result, petitioner was entitled to challenge the underlying tax liability.

In respondent's supplement to his trial memorandum, filed on January 28, 2002, respondent stated:  (1) He failed, in his trial memorandum, to reference petitioner's 1977 tax liability; (2) he misread the transcripts of accounts; the "quick assessments" noted on Forms 4340 indicated that petitioner had signed unspecified "agreements"; and petitioner was not the subject of jeopardy assessments relating to 1977 through 1984; (3) the tax liabilities assessed relating to 1977 through 1984 were either based on delinquent returns filed by petitioner or upon consent agreements signed by petitioner; and (4) as a result of the delinquent returns filed by petitioner or agreements signed by petitioner, respondent did not issue notices of deficiency to petitioner relating to 1977 through 1984 and cannot assert with certainty that petitioner is precluded from challenging the underlying tax liability; and (5) for 1985 through 1988, petitioner could not challenge the underlying tax liability because the assessments of the estimated tax and civil fraud penalties were based on agreements signed by petitioner.

At trial, the primary focus was on petitioner's challenge to the underlying tax liability relating to 1977 through 1984. Petitioner stated that respondent failed to "[provide] any evidence of how [he] came up with * * * [the] 4340s" and that the figures in Forms 4340 were "mostly dreamt up by [respondent]." Respondent's counsel stated that the deficiencies were based "either upon delinquent returns filed by the petitioner or by consent to the assessments." Respondent's counsel further stated that petitioner was invited to submit "corrected returns" relating to 1977 through 1984, but she "[did not] know * * * [whether] there was any discussion beyond that." The Court asked respondent's counsel why Appeals did not hold another section 6330 hearing in order to allow petitioner an opportunity to raise the underlying tax liability with regard to those tax years. She stated that she "believed" petitioner was allowed to present evidence relating to the underlying tax liability for those tax years. Petitioner stated that he "[did not] believe [respondent]" placed any restrictions on the hearing. The Court then asked respondent's counsel whether Forms 4340 were used for verification purposes at the hearing. Respondent's counsel stated that she "[did not] know * * * [if] the appeals officer had the 4340s", but the deficiencies were determined based on petitioner's self-assessment of tax liabilities for all years in issue. Respondent's counsel then informed the Court that the

administrative files relating to 1977 through 1984 had been destroyed. Respondent's counsel did not submit returns relating to 1977 through 1988 or consent agreements (e.g., Form 870 or Form 4549) relating to 1977 through 1983.

On March 11, 2002, respondent filed a motion to reopen record to introduce a certified copy of Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment (Form 870). Form 870, signed by petitioner on August 25, 1995, related to tax liabilities for 1984 and 1985 and estimated tax and civil fraud penalties relating to 1984 through 1988. The Court, on April 12, 2002, granted respondent's motion to reopen record, and received the Form 870 into evidence.

On November 7, 2002, the Court held a telephone conference with petitioner and respondent's counsel and noted that there was no evidence in the record indicating whether petitioner had filed returns relating to 1977 through 1988. On December 6, 2002, respondent's counsel, who had previously informed the Court that the administrative files relating to 1977 through 1984 had been destroyed, filed a status report stating that she was waiting to receive the administrative files relating to 1977 through 1984 from respondent's Service Center in Ogden, Utah. In the status report, respondent's counsel also stated that, after trial, she had observed revenue agent's reports signed by petitioner in the

administrative files relating to 1977 through 1984. Respondent submitted with the status report unsigned copies of the revenue agent's reports relating to 1977 through 1984.

OPINION

I.  Jurisdiction

Section 6330[2] generally provides that respondent cannot proceed with collection by levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of a hearing before Appeals) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). If the validity of the underlying tax liability is at issue, the Court will review a taxpayer's liability de novo. The Court reviews other administrative determinations for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

II.  Tax Years 1977 Through 1983

Respondent concedes that he did not send a notice of deficiency to petitioner, and that petitioner did not otherwise have an opportunity to dispute his tax liability relating to 1977 through 1983. Thus, petitioner may challenge the existence or

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times.

amount of the underlying tax liability.  Sec. 6330(c)(2)(B);
<u>Downing v. Commissioner</u>, 118 T.C. 22, 28 (2002).

Petitioner challenges the validity of the record of
assessment and the underlying tax liability relating to 1977
through 1983.  Generally, courts have held that Form 4340
provides at least presumptive evidence that a tax has been
validly assessed under section 6203.  <u>Farr v. United States</u>, 990
F.2d 451, 454 (9th Cir. 1993); <u>Davis v. Commissioner</u>, <u>supra</u> at
41.  The record does not, however, indicate whether respondent
based his assessment on delinquent returns filed by petitioner or
on signed agreements to the assessments (i.e., Form 870).
Respondent did not present any evidence regarding how he
determined petitioner's tax liability.  Assessments relating to
1977 through 1983 were not made until October of 1995.  See sec.
6501(a).  If it is determined that petitioner timely filed
returns relating to those years, respondent may have assessed a
deficiency after the period of limitations for assessment
expired.  If petitioner did not file returns, respondent's
determination that petitioner received unreported income relating
to those years may not be valid because respondent did not
present any evidence linking petitioner to the alleged
income-producing activity.[3]  Because petitioner's filing of, or

_____

[3]  The application of the holding in <u>Weimerskirch v.</u>
                                                    (continued...)

failure to file, tax returns raises questions about the validity of respondent's determination (i.e., timeliness of the assessment and lack of evidence linking petitioner to an income-producing activity), we conclude that petitioner has raised an irregularity in the assessment procedure.  See Nestor v. Commissioner, 118 T.C. 162, 167 (2002).  Accordingly, with respect to 1977 through 1983, we remand this case for further proceedings.  Our decision to do so is amply supported by the documentary record coupled with respondent's trial memorandum, motions, assertions in Court and in conference calls, and respondent's general state of confusion relating to this matter.

III.     Tax Years 1984 Through 1992, 1994, and 1997

    A.     Amount of Petitioner's Tax Liability

Respondent concedes that he did not send a notice of deficiency to petitioner, and petitioner did not otherwise have an opportunity to dispute his tax liability relating to 1989 through 1992, 1994, and 1997.  With respect to the tax deficiencies relating to 1984 and 1985 and the estimated tax and civil fraud penalties assessed relating to 1984 through 1988, petitioner signed a consent to assessment (i.e., Form 870).  By signing Form 870, petitioner waived his right to a notice of

---

³(...continued)
Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), in a sec. 6330 context would be an issue of first impression.

deficiency and exhausted his opportunity to contest the tax liability.  <u>Aguirre v. Commissioner</u>, 117 T.C. 324 (2001).  Thus, petitioner may not challenge the tax deficiencies relating to 1984 and 1985 and the estimated tax and civil fraud penalties relating to 1984 through 1988.  Sec. 6330(c)(2)(B); <u>Aguirre v. Commissioner</u>, <u>supra</u>.

Petitioner self-assessed his tax liability relating to 1986 through 1992, 1994, and 1997.  Moreover, he did not present any evidence or credible testimony disputing the amount of the underlying tax liabilities.[4]  Accordingly, we sustain respondent's determination relating to 1986 through 1992, 1994, and 1997.

B.    <u>Administrative Determination</u>

Prior to trial, respondent provided petitioner with Forms 4340 relating to 1984 through 1992, 1994, and 1997, and petitioner did not show any irregularity in the assessment procedure that would raise a question about the validity of these assessments.  <u>Nestor v. Commissioner</u>, <u>supra</u>.  Accordingly, we conclude that respondent did not abuse his discretion in determining to proceed with collection with respect to 1984 through 1992, 1994, and 1997.

---

[4]  Sec. 7491 is not applicable to this case because the examination began before the statute's effective date.  Thus, petitioner had the burden of proof.  <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.