T.C. Memo. 2003-104

UNITED STATES TAX COURT

ERYCK C. ASTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2427-01.          Filed April 16, 2003.

Eryck C. Aston, pro se.

<u>Joan E. Steele</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $2,104 and additions to tax of $73.64 and $101.85 pursuant to sections 6651(a)(1)[1] and 6654(a) in petitioner's 1999 Federal income tax.

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner had a deficiency for 1999, as determined by respondent; (2) whether petitioner is liable for an addition to tax for failing to file a Federal income tax return for 1999; (3) whether petitioner is liable for an addition to tax for failing to make estimated tax payments for 1999; and (4) whether petitioner engaged in behavior warranting the imposition of a penalty pursuant to section 6673(a).

FINDINGS OF FACT

None of the facts have been stipulated. At the time he filed his petition, petitioner resided in Billings, Montana.

During 1999, petitioner was employed by the Kmart Corp. (Kmart) in Billings, Montana. In 1999, Kmart paid petitioner $21,078.12 in wage income. During 1999, Kmart withheld zero Federal income tax, $1,306.84 of Social Security tax, and $305.63 of Medicare tax. Petitioner made no estimated income tax payments for 1999.

Petitioner submitted an unsigned Form 1040A, U.S. Individual Income Tax Return, for 1999 to respondent. Petitioner listed zero as the amount of his wages, total income, adjusted gross income, taxable income, and total tax. On the line for nontaxable income earned petitioner listed "ALL". Petitioner claimed a refund of $1,926.12 for amounts withheld for Federal income tax ($1,612.47) and estimated tax payments ($313.65).

Both pages of the Form 1040A were stamped "under duress" and "without prejudice". Petitioner attached 30 pages to the Form 1040A reciting statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.

OPINION

I. The Deficiency

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.

We found petitioner's testimony to be evasive, vague, conclusory, and/or questionable. Petitioner introduced no credible evidence regarding his income for 1999, and he introduced no evidence to establish that he met the prerequisites of section 7491(a).[2] Accordingly, petitioner bears the burden of

---

[2] The documentary evidence the Court received from petitioner at trial consisted of: (1) A letter from respondent to petitioner regarding respondent's making third party contacts, (2) documents regarding the seizure of property from petitioner, (3) documents regarding the alleged theft of property from petitioner by his ex-wife, and (4) a 12-page letter from petitioner to respondent containing numerous frivolous and groundless arguments regarding why he was not subject to Federal income tax.

proof.[3]

A.   <u>Income From Kmart</u>

Section 61 defines gross income as all income from whatever source derived.  Gross income includes compensation for services. Sec. 61(a)(1).

In 1999, petitioner received $21,078.12 in wages from Kmart. In motions, at trial, and on brief, petitioner advanced shopworn arguments characteristic of tax protester rhetoric that has been universally rejected by this and other courts.  <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

B.   <u>Losses</u>

Section 165(a) provides that there shall be allowed as a deduction any loss sustained during the taxable year and not compensated by insurance or otherwise.  Section 165(c) limits the loss deduction for individuals to losses incurred in a trade or business, losses incurred in a transaction entered into for profit, and certain casualty losses.  Petitioner argues that he

---

[3]   We note, however, that our resolution of this issue does not depend on which party bears the burden of proof.

is entitled to a loss deduction for 1999 related to (1) property seized by the Government, and (2) theft of his property by his ex-wife, Lonnie Probst.[4]

In 1992, the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms (ATF), seized 17 firearms, assorted ammunition, and destructive devices (firearms) from petitioner. The firearms seized by ATF were used or acquired by petitioner in violation of chapter 53 of the Internal Revenue Code and subject to forfeiture pursuant to that law.[5]

On December 7, 1999, ATF sent petitioner a letter notifying him that administrative forfeiture proceedings regarding the firearms had "commenced in accordance with the provisions of 31 U.S.C. 9703(o) and 19 U.S.C. 1602-1624." ATF informed petitioner that he could contest the forfeiture of the firearms by filing a claim for the seized property and a cost bond or a request for a waiver of the cost bond by December 30, 1999.

On January 31, 2000, ATF sent petitioner a letter acknowledging that on December 28, 1999, petitioner filed a claim and a request for waiver of the cost bond to contest the forfeiture of the firearms and informing petitioner that the matter was referred to the U.S. Attorney's Office for the

---

[4] Petitioner did not claim these losses on his unsigned Form 1040A for 1999 that he submitted to respondent.

[5] Petitioner testified that he was imprisoned from 1994 through 1998 for "Department of Treasury tax violations".

District of Utah.

Petitioner testified that Ms. Probst stole jewelry, automobiles, and other property from petitioner.  A letter and a memorandum dated February 18, 1999, from Dennis Paxinos, a Yellowstone County attorney, stated that Mr. Paxinos had reviewed the two volumes of materials petitioner had sent to him and that he (Mr. Paxinos) could not in good faith file a criminal complaint for theft against Ms. Probst.  Mr. Paxinos stated that petitioner's allegations that Ms. Probst and others had stolen property from petitioner were previously reviewed in 1996, and based on his review of the current file Mr. Paxinos concluded that Ms. Probst had the authority to take the allegedly stolen property and had a claim of right, title, or ownership on the allegedly stolen property.

The Court is not required to accept petitioner's unsubstantiated testimony.  Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964).  As previously stated, we found petitioner's testimony to be vague, conclusory, and/or questionable.  Under the circumstances presented here, we are not required to, and generally do not, rely on petitioner's testimony to sustain his burden of proof.  Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner,

87 T.C. 74, 77 (1986).

Even if we were to accept petitioner's testimony, the evidence does not establish that any of the alleged losses (from the seizure of the firearms or the alleged theft of property) occurred in 1999.

C.    Conclusion

Based on the foregoing, we sustain respondent's deficiency determination.

II.    Additions to Tax

Section 7491(c) provides that the Commissioner shall bear the burden of production with respect to the liability of any individual for additions to tax.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If a taxpayer files a petition alleging some error in the determination of the penalty, the taxpayer's challenge generally will succeed unless the Commissioner produces evidence that the penalty is appropriate. Swain v. Commissioner, supra at 364-365.  The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority.  Higbee v. Commissioner, supra at 446-447.

A.    Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless such failure is due to reasonable cause and not due to willful neglect.

Respondent introduced as evidence the Form 1040A for 1999 that petitioner submitted to respondent.[6]  This return was not signed.  Such unsigned tax return submitted to the Commissioner is insufficient to avoid the addition to tax pursuant to section 6651(a)(1).  Vaira v. Commissioner, 52 T.C. 986, 1004-1006 (1969), revd. on other grounds 444 F.2d 770 (3d Cir. 1971); see also Dixon v. Commissioner, 28 T.C. 338, 347-348 (1957) (the submission of an unsigned tax return to the Internal Revenue Service is not the making of an income tax return).  We conclude that respondent satisfied his burden of production regarding this issue.  Thus, petitioner must come forward with evidence

---

[6]  Petitioner testified that the first name on the Form 1040A is spelled "Ercyk" whereas petitioner's first name is spelled "Eryck"; however, he did not testify that the Form 1040A was not his.  This appears to be no more than a typographical error given that petitioner's name, correctly spelled, and signature appears on documents attached to the Form 1040A and petitioner testified that his Social Security number is listed on the Form 1040A.

sufficient to persuade the Court that respondent's determination is incorrect or that an exception applies.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115; see <u>Higbee v. Commissioner</u>, <u>supra</u> at 447.

Petitioner presented no evidence that he timely filed a return for 1999 or that his failure to file was due to reasonable cause and not due to willful neglect.  We hold that petitioner is liable for the addition to tax pursuant to section 6651(a)(1).

B.    <u>Section 6654(a)</u>

Section 6654 imposes an addition to tax for failure to pay estimated income tax.  Respondent submitted petitioner's Form W-2, Wage and Tax Statement, for 1999 from Kmart and a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 1999 tax year.  The forms indicate that petitioner did not have any Federal income tax withheld and did not make any estimated income tax payments for 1999.  We conclude that respondent satisfied his burden of production regarding this issue.  Thus, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect or that an exception applies.  Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u> at 115; see <u>Higbee v. Commissioner</u>, <u>supra</u> at 447.

Petitioner presented no evidence that he had any income tax withheld, paid any estimated income taxes for 1999, or that an

exception pursuant to section 6654(e) applies.  We hold that petitioner is liable for the addition to tax pursuant to section 6654(a).

III. Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

At trial, the Court advised petitioner that the arguments he was advancing were frivolous and groundless.  Furthermore, the Court directed petitioner to several opinions of the U.S. Court of Appeals for the Ninth Circuit, the court to which this case is appealable, holding petitioner's arguments to be frivolous and groundless.[7]

Petitioner filed numerous frivolous documents and motions with the Court before and after the trial.  Petitioner's position, based on stale and meritless contentions, is manifestly

_____

[7] The Court apprised petitioner of the following cases: Schramm v. Commissioner, 988 F.2d 121 (9th Cir. 1993), affg. T.C. Memo. 1991-523; United States v. Ferrel, 925 F.2d 1471 (9th Cir. 1991); and Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225.

frivolous and groundless, and he has wasted the time and resources of this Court. Accordingly, we shall impose a penalty of $2,500 pursuant to section 6673.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.