T.C. Memo. 2003-115


UNITED STATES TAX COURT


CARTER B. TATUM, JR. AND BARBARA B. TATUM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1126-01L.            Filed April 22, 2003.


<u>David L. Miller</u>, for petitioners.

<u>Nina P. Ching</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


JACOBS, <u>Judge</u>:  This case arises from petitioners' request
for our review (pursuant to section 6330[1]) of respondent's decision
to proceed with collection by levy with respect to their
outstanding 1990 and 1991 tax liabilities.  The issue to be

---

[1]     All section references are to the Internal Revenue Code
in effect for the years in issue.

resolved is whether such decision by respondent constitutes an abuse of discretion.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.

At the time the petition was filed in this case, petitioners resided in Atlanta, Georgia.

By letter dated March 4, 1994, the Internal Revenue Service (IRS) notified petitioners that their 1990 and 1991 joint Federal income tax returns had been selected for examination. On November 7, 1994, the IRS sent petitioners a copy of the examination report, which contained adjustments increasing petitioners' tax obligation for 1990 and 1991. By letter dated November 22, 1994, the IRS informed petitioners that they had 15 days to request that their case be transferred to an IRS Appeals Officer. By letter dated December 2, 1994, instead of requesting that their case be so transferred, petitioners requested a meeting with an examiner and stated that they did not agree with the examination report. On January 9, 1995, petitioners executed Form 872, Consent to Extend the Time to Assess Tax, extending the period for assessing taxes for both 1990 and 1991 to April 15, 1996.

On April 12, 1995, respondent, by certified mail, sent a statutory notice of deficiency to petitioners at their last known

address, 80 North Star Trail, Atlanta, Georgia 30331-7862 (hereinafter referred to as the 80 North Star Trail address). That notice detailed respondent's determinations regarding income tax deficiencies, additions to tax, and penalties for 1990 and 1991, as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|------------------------------|------------------|
| 1990 | $19,680 | $5,455 | $3,936 |
| 1991 | 23,616 | --- | 4,723 |

The U.S. Postal Service (USPS) returned the notice of deficiency to the IRS on April 27, 1995. The envelope in which the notice of deficiency was mailed indicates that the USPS made but one delivery attempt before returning the envelope and its contents to the IRS as "unclaimed".

Petitioners did not claim the certified letter containing the notice of deficiency from the USPS because they did not receive from the USPS notice of the existence of such letter. Had they received a notice of certified mail, they would have gone to the post office to pick up the letter.

Petitioners did not contest respondent's determinations as set forth in the notice of deficiency by filing a petition with this Court. Had petitioners received the notice of deficiency, they would have petitioned this Court for a redetermination of the tax liabilities asserted in the notice of deficiency.

On September 11, 1995, respondent assessed the amounts shown in the notice of deficiency, together with statutory interest, and thereafter began collection procedures against petitioners.

On November 25, 1999, respondent issued to petitioners a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, Letter 1058, pursuant to sections 6330(a) and 6331(d)(2), pertaining to petitioners' 1990, 1991, and 1995-98 Federal income tax liabilities.[2] Respondent mailed this notice to petitioners' 80 North Star Trail address.

On December 22, 1999, respondent received a timely filed Form 12153, Request for a Collection Due Process Hearing, submitted on behalf of petitioners. Petitioners' return address on the Form 12153 was the 80 North Star Trail address. Petitioners, in the Form 12153, provided the following explanation of their disagreement with the notice of levy: "The assessment of the tax was in error; want the opportunity to dispute the assessed liability and then, to the extent owed, discuss payment options."

On October 17, 2000, Appeals Officer C.S. Sheppard spoke by telephone with petitioners' representative, David R. Miller, with respect to petitioners' request for a hearing.[3] During the

_____

[2] In their petition, as well as at trial, petitioners contested only their 1990 and 1991 income tax liabilities; therefore, the years 1995-98 are not before us.

[3] At trial, Mr. Miller did not contest that this telephone conference served as the required statutory hearing. However, Mr. Miller asserts that the "hearing did not go far enough" in that
(continued...)

telephone conference, Appeals Officer Sheppard advised Mr. Miller that petitioners could not challenge the underlying tax liability for the 1990 and 1991 tax years since petitioners had received a statutory notice of deficiency dated April 12, 1995, covering those years. In addition, during the October 17, 2000, telephone conference, Appeals Officer Sheppard informed Mr. Miller that petitioners had agreed to the 1996 adjustment, that the 1995 and 1997 deficiencies were based on the returns as filed, and that those returns could be amended by the petitioners. Mr. Miller did not propose any collection alternatives.

On January 11, 2001, respondent issued to petitioners a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" (notice of determination), notifying petitioners of the determination to proceed with collection of the 1990, 1991, 1995, 1996, and 1997 income tax liabilities. Petitioners filed a petition with this Court under section 6330(d) disputing respondent's notice of determination.

OPINION

In general, section 6330 prohibits the Commissioner from proceeding with collection by levy until the taxpayer has been given notice and an opportunity for an administrative review of the matter (in the form of a hearing before the IRS's Office of

---

[3](...continued)
Appeals Officer Sheppard refused to consider the underlying tax liability for the 1990 and 1991 tax years.

Appeals).  If the Commissioner issues a determination letter to the taxpayer following an administrative hearing, section 6330(d)(1) allows the taxpayer to file a petition for judicial review of the administrative determination.  Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).  We have jurisdiction over this matter because petitioners filed a timely petition for review of respondent's determination to proceed with collection by levy.  Sec. 6330(d)(1); Lunsford v. Commissioner, 117 T.C. 159 (2001); Sarrell v. Commissioner, 117 T.C. 122 (2001); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

A taxpayer may raise the issue of the underlying tax liability if he/she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).  For purposes of section 6330(c)(2)(B), receipt of a statutory notice of deficiency means receipt in time to petition this Court for redetermination of the deficiency asserted in such notice.  Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.  It is therefore clear that section 6330(c)(2)(B) contemplates actual receipt of the notice of deficiency by the taxpayer.[4]

---

[4]    By contrast, for purposes of assessing a deficiency in tax, respondent is authorized to send a notice of deficiency to the taxpayer.  For that purpose, mailing a notice of deficiency to the taxpayer at the taxpayer's last known address is sufficient regardless of receipt or nonreceipt.  Sec. 6212(b); Pietanza v.

(continued...)

Here, the envelope with its contents, i.e., the notice of deficiency for 1990 and 1991, was returned unclaimed to respondent. Thus, there is no dispute that petitioners did not actually receive the notice of deficiency.

In the context of a section 6330 proceeding, we have held that taxpayers cannot defeat actual receipt by deliberately refusing delivery of a notice of deficiency. Sego v. Commissioner, supra; accord Ashley v. Commissioner, T.C. Memo. 2002-286; Carey v. Commissioner, T.C. Memo. 2002-209; Hochschild v. Commissioner, T.C. Memo. 2002-195; Baxter v. Commissioner, T.C. Memo. 2001-300. In this case, respondent mailed, by certified mail, a notice of deficiency to petitioners at their last known address, the 80 North Star Trail address. Petitioners did not actually receive the notice because it was returned to the IRS after one attempted delivery by the USPS.

In Sego v. Commissioner, supra, we held that the taxpayer was precluded from challenging her underlying tax liability under section 6330 even though she did not actually receive a notice of deficiency. We did so on the basis of Erhard v. Commissioner, 87 F.3d 273 (9th Cir. 1996), affg. T.C. Memo. 1994-344, and Patmon & Young Profl. Corp. v. Commissioner, 55 F.3d 216, 218 (6th Cir. 1995), affg. T.C. Memo. 1993-143, wherein we held that the conduct

---

⁴(...continued)
Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Shelton v. Commissioner, 63 T.C. 193 (1974).

of the taxpayers "constituted deliberate refusal of delivery and repudiation of their opportunity to contest the notices of deficiency in this Court". Sego v. Commissioner, supra at 611; accord Baxter v. Commissioner, T.C. Memo. 2001-300.

Relying on Sego v. Commissioner, supra, and Baxter v. Commissioner, supra, respondent herein contends that petitioners' failure to claim the certified letter cannot support any claim they may have that they did not receive the notice. Those cases are distinguishable from the case now before us. In those cases, it was demonstrated that the USPS made multiple attempts to deliver the notices of deficiency and the taxpayers intentionally refused delivery. See also Ashley v. Commissioner, T.C. Memo. 2002-286; Carey v. Commissioner, T.C. Memo. 2002-209; Hochschild v. Commissioner, T.C. Memo. 2002-195. By contrast, in this case, the USPS made only one attempt at delivery before returning the notice as unclaimed. On the basis of our observation of petitioners during their testimony, we are satisfied that petitioners did not deliberately refuse delivery of the notice.

Absent clear evidence to the contrary, employees of the USPS are presumed to properly discharge their official duties. United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official

duties."). At trial, both petitioners credibly testified that they did not receive a notice of attempted delivery from the USPS and that they did not know that the USPS was attempting to deliver a certified letter to them.

An individual's claim that he/she did not receive notice of attempted delivery of a certified letter may lack credibility when the USPS makes more than one attempt to deliver the certified letter and leaves separate notices of each attempt at the address on the envelope. Under those circumstances, it may be unlikely that the individual did not receive at least one of the notices; instead, it may be apparent that the individual chose to ignore the notices. In such event, the individual's conduct constitutes deliberate refusal of delivery and repudiation of the opportunity to contest the notices of deficiency in this Court.

In the case herein, petitioners failed to claim the notice of deficiency because they did not receive the USPS's notice of attempted delivery of a certified letter. Petitioners did not deliberately avoid delivery of the certified letter. They did not receive the notice of deficiency, and the avoidance exception to actual receipt is not applicable in this case.

To conclude, we find that, under section 6330(c)(2)(B), petitioners should have been allowed to challenge their underlying tax liabilities for 1990 and 1991 at the hearing. In cases where the taxpayer did not receive a notice of deficiency for a

particular year and did not have an opportunity to challenge the underlying tax liability, we have remanded the matter to the Commissioner's Office of Appeals for a hearing pursuant to which the taxpayer has an opportunity to dispute his/her Federal income tax liability for that year.  See, e.g., <u>Rivera v. Commissioner</u>, T.C. Memo. 2003-35; <u>Nestor v. Commissioner</u>, T.C. Memo. 2002-251. We shall similarly do so in this case.[5]

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[5] To date, petitioners' litigation position in this case indicates that they will use the hearing to raise bona fide issues relating to their underlying tax liability for 1990 and 1991.  If, however, they use the hearing only for purposes of delay or to raise frivolous issues, we will consider an appropriate dispositive motion made by respondent and the imposition of a penalty of up to $25,000 under sec. 6673.  See <u>Nestor v. Commissioner</u>, T.C. Memo. 2002-251.