T.C. Memo. 2003-128

UNITED STATES TAX COURT

ERYCK C. ASTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6763-00L.                Filed May 2, 2003.

Eryck C. Aston, pro se.

<u>Joan E. Steele</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner seeks review of respondent's determination to proceed with collection of his 1987, 1988, 1989, and 1992 income tax liabilities.

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

None of the facts have been stipulated. At the time he filed the petition, petitioner resided in Billings, Montana.

Petitioner timely filed Federal income tax returns for 1987, 1988, and 1989. Petitioner did not file a Federal income tax return for 1992.

On April 25, 1991, petitioner filed a Form 872-A, Special Consent to Extend the Time to Assess Tax for 1988.

On May 14, 1993, respondent sent notices of deficiency for 1987, 1988, and 1989 to petitioner's last known address.

On January 14, 1994, respondent filed a Notice of Federal Tax Lien Under Internal Revenue Laws regarding petitioner's assessed income tax liabilities for 1987, 1988, 1989, and 1990 with the County Recorder of Utah County, Provo, Utah.

On December 19, 1997, respondent sent a notice of deficiency for 1992 to petitioner's last known address.

On March 6, 2000, respondent filed a Notice of Federal Tax Lien regarding petitioner's assessed income tax liability for 1992 with the Clerk and Recorder of Yellowstone County, Billings, Montana.

On March 15, 2000, respondent sent petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (collection notice) with respect to petitioner's 1987, 1988, 1989, and 1992 taxable years. Respondent listed the total

amount owed (including unpaid taxes, penalties, and interest) for 1987, 1988, 1989, and 1992 as of the date of the collection notice as $1,522,588.25.

On March 17, 2000, petitioner sent respondent a Request for a Collection Due Process Hearing for 1987, 1988, 1989, and 1992 (hearing request).

Appeals Officer Keith Fessenden was assigned to petitioner's case. Appeals Officer Fessenden sent petitioner two letters scheduling a telephone hearing with petitioner. Petitioner sent Appeals Officer Fessenden a letter stating that he (petitioner) did not have a phone. In this letter, petitioner did not raise any collection alternatives; he raised frivolous and groundless arguments regarding his underlying tax liabilities.

On June 8, 2000, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1987, 1988, 1989, and 1992 concluding that respondent could proceed with the proposed collection action because "the proposed collection action balances the need for efficient collection of taxes with * * * [petitioner's] legitimate concern that any collection action be no more intrusive than necessary."

OPINION

I.   Evidentiary Issue

As a preliminary matter, we must decide whether certain documents respondent submitted during the trial of this case should be admitted into evidence.  At trial, respondent sought to introduce a Form 4665, Report Transmittal, a Form 886-A, Explanation of Items, and workpapers prepared by Revenue Agent Wesley Bayles.  Petitioner made a hearsay objection to the admission of these documents.  We reserved ruling on their admissibility.

Respondent argues that the documents are admissible because they were offered merely to show what information was available and considered by Revenue Agent Bayles during the audit of petitioner's returns.  Revenue Agent Bayles testified that (1) he prepared these documents in connection with the audit of petitioner's 1987, 1988, 1989, and 1990 returns, (2) he had petitioner's bank records when he prepared the report, and (3) the report reflects the explanation of adjustments made for 1987, 1988, and 1989.

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice

of that business activity to make the memorandum, report, record, or data compilation, shown by the testimony of a qualified witness, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness, is not excluded by the hearsay rule. Fed. R. Evid. 803(6); see Clough v. Commissioner, 119 T.C. 183, 188-189 (2002). The documents in question are business records prepared by Revenue Agent Bayles. There is no indication that the method or circumstances of preparation indicate a lack of trustworthiness. Accordingly, we admit these documents into evidence.

II. Determination To Proceed With Collection

Respondent concedes that the amount he originally assessed for 1992 was in error. Respondent originally assessed additional taxes due of $303,306 instead of $30,306 (the amount of tax determined in the notice of deficiency for 1992). On July 15, 2002, respondent abated $273,000 in tax and $174,493.09 in interest associated with this typographical error.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. The hearing

generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).  Sec. 6320(c).

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon.  Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period.  Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).  If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Respondent concedes that (1) petitioner did not receive the statutory notices of deficiency for 1987, 1988, 1989, and 1992, (2) petitioner raised the issue of his underlying liability for

1987, 1988, 1989, and 1992 in his hearing request and in his correspondence hearing, and (3) petitioner's underlying liabilities for 1987, 1988, 1989, and 1992 are properly before the Court. On the basis of the aforementioned concessions, we shall review petitioner's underlying tax liabilities for 1987, 1988, 1989, and 1992. See Goza v. Commissioner, supra. Where the underlying tax liability is properly at issue, we review that issue de novo. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181. We review the remainder of the Commissioner's determination for an abuse of discretion. Sego v. Commissioner, supra.

A. Underlying Liabilities

1. Deficiencies and Additions to Tax Excluding Civil Fraud

The Commissioner's determinations generally are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[2] Rule 142(a); Welch v. Helvering,

_____

[2] Sec. 7491 is inapplicable to this case. See Warbelow's Air Ventures, Inc. v. Commissioner, 118 T.C. 579, 582 n.8 (2002) (sec. 7491 is effective for court proceedings arising in connection with examinations commencing after July 22, 1998).

The U.S. Court of Appeals for the Ninth Circuit, to which an appeal of this case would lie, has held that in order for the presumption of correctness to attach to a notice of deficiency in unreported income deficiency cases, the Commissioner must come forward with substantive evidence establishing some "evidentiary foundation" linking the taxpayer with the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or "demonstrating that the taxpayer received the unreported income", Edwards v.

(continued...)

290 U.S. 111, 115 (1933); Durando v. United States, 70 F.3d 548, 550 (9th Cir. 1995).

In numerous motions, at trial, and on brief, petitioner advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these

---

[2](...continued)
Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); see also Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985). Although Weimerskirch was a case regarding illegal source income, it is now well established that the Court of Appeals for the Ninth Circuit applies the Weimerskirch rule in all deficiency cases involving the receipt of unreported income. See Edwards v. Commissioner, supra at 1270-1271; Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989). The Court of Appeals for the Ninth Circuit has described the required evidentiary foundation as "minimal". Palmer v. IRS, 116 F.3d 1309, 1312-1313 (9th Cir. 1997).

It is unclear whether Weimerskirch is applicable to the case at bar. See Rivera v. Commissioner, T.C. Memo. 2003-35 (questioning whether Weimerskirch is applicable in the sec. 6330 context); Curtis v. Commissioner, T.C. Memo. 2001-308 n.2 (questioning whether Weimerskirch has been legislatively overruled by Congress's enactment of sec. 7491). We note, however, that on the basis of the evidence presented at trial-- including petitioner's testimony, Revenue Agent Bayles's testimony, and the documentary evidence (including petitioner's tax returns for 1987, 1988, and 1989)--respondent presented adequate evidence connecting petitioner with an income-producing activity. Therefore, even if the Weimerskirch rule were applicable, respondent's determination would be entitled to the presumption of correctness.

arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Petitioner also appears to argue that he is entitled to a loss deduction related to (1) property seized by the Government, and (2) theft of his property by his ex-wife, Lonnie Probst. Petitioner does not explain in what year he is entitled to these deductions.

In the case at bar, petitioner presented the same documentary evidence regarding the aforementioned losses as he presented in Aston v. Commissioner, T.C. Memo. 2003-104 (Aston I). In the case at bar, however, petitioner did not offer any testimony in support of these losses.

Even if we were to consider petitioner's testimony from Aston I, the evidence does not establish that any of the alleged losses (from the seizure of the firearms or the alleged theft of property) occurred in 1987, 1988, 1989, or 1992. On the basis of the foregoing, we sustain respondent's deficiency determinations for 1987, 1988, 1989, and 1992, and his determinations regarding petitioner's liability for the additions to tax pursuant to section 6661 for 1988 and sections 6651(a) and 6654(a) for 1992.

2.   Additions to Tax and Penalties for Civil Fraud

Respondent determined additions to tax and penalties for fraud for 1987, 1988, and 1989. The Commissioner has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a);

Rule 142(b). To satisfy this burden, the Commissioner must show: (1) An underpayment exists; and (2) the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Parks v. Commissioner, 94 T.C. 654, 660-661 (1990). The Commissioner must meet this burden through affirmative evidence because fraud is never imputed or presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970).

Over the years, courts have developed a nonexclusive list of factors that demonstrate fraudulent intent. These badges of fraud include: (1) Understating income, (2) maintaining inadequate records, (3) implausible or inconsistent explanations of behavior, (4) concealment of income or assets, (5) failing to cooperate with tax authorities, (6) engaging in illegal activities, (7) an intent to mislead which may be inferred from a pattern of conduct, (8) lack of credibility of the taxpayer's testimony, (9) filing false documents, (10) failing to file tax returns, and (11) dealing in cash. Spies v. United States, 317 U.S. 492, 499 (1943); Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). Mere suspicion, however, does not prove fraud. Katz v. Commissioner, 90 T.C. 1130, 1144

(1988); <u>Shaw v. Commissioner</u>, 27 T.C. 561, 569-570 (1956), affd. 252 F.2d 681 (6th Cir. 1958).

In order to sustain his heavy burden of proof, respondent relies on the testimony of Revenue Agent Bayles and the report Revenue Agent Bayles prepared in connection with the audit of petitioner's returns. The report contains merely the revenue agent's conclusions. Notably, Revenue Agent Bayles concluded that petitioner was liable for the addition to tax/penalty for fraud for 1988 and 1989 but not for 1987. Furthermore, Revenue Agent Bayles's testimony was conclusory--he merely stated which badges of fraud he felt were present. Respondent provided no evidence to corroborate Revenue Agent Bayles's conclusory statements.

In light of respondent's document retention/destruction policy, we understand why respondent did not have any additional documentary evidence to present at trial. This policy, however, does not relieve respondent of his burden of proof. On the basis of the evidence, we conclude that respondent has failed to sustain his heavy burden of proving by clear and convincing evidence that petitioner is liable for the additions to tax and penalties for fraud. Accordingly, we do not sustain any of the additions to tax or penalties for fraud.

B. <u>Remaining Issues</u>

Petitioner admitted that he did not raise collection

alternatives as part of his correspondence hearing.  Petitioner has failed to raise a spousal defense or make a valid challenge to the appropriateness of respondent's intended collection action.  These issues are now deemed conceded.  See Rule 331(b)(4).  Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination to proceed with collection.

III. Section 6673(a)

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

At trial, the Court advised petitioner that to address the issue of his underlying liability he needed to focus on the issues in the notices of deficiency; i.e., whether he earned the income determined, whether he had the gross receipts determined, and whether he could prove entitlement to the deductions he claimed.  The Court advised petitioner, as we had in Aston I (which petitioner tried immediately before this case), that the arguments he was advancing were frivolous and groundless and had

- 13 -

been rejected by the U.S. Court of Appeals for the Ninth Circuit, the court to which this case is appealable.  The Court further advised petitioner that he was wasting the Court's time with his frivolous arguments.

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of penalties pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.  Petitioner filed voluminous frivolous documents and motions with the Court.  Furthermore, the Court warned petitioner that he was wasting the Court's time. Petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless, and he has wasted the time and resources of this Court.  We are convinced that petitioner instituted and maintained these proceedings primarily for delay.  Accordingly, we shall impose a penalty of $25,000 pursuant to section 6673.

To reflect the foregoing,

An appropriate decision
will be entered.