John R. RIVERA, Petitioner—Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 03–74411.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

John R. Rivera, Silverdale, WA, pro se.

Charles S. Casazza, B. John Williams, Jr., Esq., Shearman & Sterling, LLP, Gary R. Allen, Esq., Robert L. Baker, Esq., Frank P. Cihlar, Attorney, Washington, DC, for Respondent–Appellee.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

### MEMORANDUM **

John R. Rivera appeals pro se the Tax Court's decision, following a bench trial, sustaining the Commissioner of Internal Revenue's determination that Rivera was liable for taxes assessed for 1984 through 1992, 1994, and 1997, and holding that the Internal Revenue Service had not erred by proceeding with collection actions for those years. Rivera first contends that the Tax Court erred by relying on IRS computer records, such as the IRS Form 4340 (Certificates of Assessments, Payments and Other Specified Matters), which are inaccurate and hearsay.

This court has held that IRS Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, is sufficient to establish that notices and assessments were properly made. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993). The IRS Form 4340 is not hearsay. *Hughes v. United States,* 953 F.2d 531, 539–40 (9th Cir.1992).

Rivera also contends that the collection actions against him violate the statute of limitations. The record refutes this argument. Rivera consented to a waiver of the statute of limitations under 26 U.S.C. § 6501(c)(4) for tax years 1984–1988. The Tax Court dismissed the Commissioner's collection action for tax years 1977–1983, and the remaining tax assessments were timely. *Kinsey v. Commissioner,* 859 F.2d 1361, 1363 (9th Cir.1988).

Accordingly, the Tax Court is

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.