T.C. Memo. 2007-362

UNITED STATES TAX COURT

ESTATE OF BONNIE W. DEESE, DECEASED, GLADYS DEESE, PERSONAL
REPRESENTATIVE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13920-06L.          Filed December 10, 2007.

Gladys Deese, for petitioner.

<u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment, filed pursuant to Rule

121.[1]  As discussed in detail below, we shall grant respondent's motion.

## Background

On October 7, 1997, respondent received a Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, showing signatures of Bonnie W. Deese (Mr. Deese) and his wife Gladys Deese (Ms. Deese), consenting to the immediate assessment and collection of specified deficiencies in their joint Federal tax liabilities for taxable years 1990 through 1994.  On December 26, 1997, Mr. Deese died.  On February 9, 1998, respondent assessed these agreed-upon deficiencies along with interest.

On August 21, 2002, respondent sent the deceased Mr. Deese a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC Section 6320 with respect to taxable years 1991, 1993, and 1994.  No collection hearing was requested in response to this notice.

On February 23, 2005, respondent sent the deceased Mr. Deese another Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC Section 6320, this time for taxable years 1990 through 1994.  In response to this notice, on April 4, 2005,

_____

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years at issue.

Ms. Deese, as personal representative of the deceased Mr. Deese, submitted a Form 12153, Request for a Collection Due Process Hearing (CDP hearing).

After a face-to-face hearing between respondent's Appeals officer, Ms. Deese, and her C.P.A. representative, respondent's Appeals Office issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for taxable years 1990 and 1992. Respondent also issued petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 for taxable years 1991, 1993, and 1994. The notice and decision letter upheld the filing of notice of tax lien against the deceased Mr. Deese for the respective relevant years.

On July 19, 2006, the petition was timely filed. Ms. Deese, then residing in Georgia, signed the petition as "Personal Representative for Bonnie W. Deese (deceased)".[2] On September 5, 2007, respondent filed his motion for summary judgment. On September 6, 2007, we ordered petitioner to file a response to

---

[2] The petition states that it is with respect to petitioner's taxable years 1990, 1991, 1992, 1993, and 1994. By Order dated Dec. 29, 2006, this Court granted respondent's motion to dismiss for lack of jurisdiction and to strike as to taxable years 1991, 1993, and 1994, on the ground that petitioner had failed to make a timely request for a sec. 6320 hearing within the statutorily mandated period after respondent sent the first notice of tax lien filing for those years on Aug. 21, 2002. Consequently, only taxable years 1990 and 1992 remain at issue.

respondent's motion for summary judgment by October 3, 2007.  The Court has received no response.

### Discussion

Summary judgment may be granted where there is no genuine issue of any material fact, and a decision may be rendered as a matter of law.  Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).  If appropriate, a decision may be entered against a party who fails to respond to a motion for summary judgment.  Id.

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay tax after demand for payment has been made.  For the lien to be valid against certain third parties, the Secretary must file a notice of Federal tax lien; within 5 business days thereafter, the Secretary must provide written notice to the person against whom the lien is filed.  Secs. 6320(a), 6323(a).  Within 30 days commencing the day after the end of the 5 business days, the person may request an administrative hearing before an

Appeals officer.  Sec. 6320(b)(1); sec. 301.6320-1(c)(1), Proced. & Admin. Regs.

At the Appeals Office hearing, the person against whom the lien is filed generally may raise any relevant issue, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Secs. 6320(b)(4), 6330(c)(2). At the hearing, the person may challenge the existence or amount of the underlying tax liability only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).  Once the Appeals Office issues a notice of determination, the person may seek judicial review in this Court.  Secs. 6320(c), 6330(d)(1).

In the petition, Ms. Deese contends that she, as "the surviving spouse", should not be liable for the underlying tax liabilities.  The proposed collection action and notice of determination upon which this case is based, however, relate only to the unpaid tax liabilities of the deceased Mr. Deese. Consequently, notwithstanding that Ms. Deese may be responsible for paying the underlying joint tax liabilities both in her individual capacity and in her capacity as the personal representative of Mr. Deese's estate, her personal liability in

either capacity is outside the scope of judicial review in this proceeding.

Moreover, by submitting the Form 870-AD, consenting to the immediate assessment and collection of their deficiencies, Mr. and Ms. Deese waived their right to a notice of deficiency and gave up any right to challenge their underlying liabilities in a collection proceeding. See sec. 6330(c)(2)(B); Aguirre v. Commissioner, 117 T.C. 324, 327 (2001); Rivera v. Commissioner, T.C. Memo. 2003-35, affd. 102 Fed. Appx. 594 (9th Cir. 2004).[3] Hence, to the extent that petitioner means to challenge the underlying liabilities of Mr. Deese, such a challenge is precluded in this collection proceeding.

---

[3] The petition alleges that Gladys Deese (Ms. Deese) signed the Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, for herself and her ailing husband, Bonnie W. Deese (Mr. Deese). We might question this allegation, inasmuch as the Form 870-AD seems to show the signatures of Mr. and Ms. Deese in two different hands. In his motion for summary judgment, respondent alleges that both Mr. and Ms. Deese signed the Form 870-AD. Since petitioner filed no response to respondent's motion for summary judgment, we might assume that petitioner no longer disputes that Mr. Deese signed the Form 870-AD. See, e.g., Bergmann v. Commissioner, T.C. Memo. 1985-290. We need not decide this issue, however; even if we were to assume, for purposes of argument, that Ms. Deese signed the Form 870-AD on behalf of Mr. Deese, it would make no material difference for purposes of our ruling upon respondent's motion for summary judgment. In particular, the petition does not allege or suggest that Ms. Deese lacked authority to sign the Form 870-AD on behalf of her husband; to the contrary, in the petition Ms. Deese appears to justify her allegedly signing Mr. Deese's signature by reason of his illness. Similarly, petitioner has not alleged any duress, coercion, fraud, or misrepresentation such as might invalidate the waiver. See Shireman v. Commissioner, T.C. Memo. 2004-155.

We conclude that there is no genuine issue of material fact requiring a trial in this case.  We hold that respondent is entitled as a matter of law to the entry of a decision sustaining the filing of the notice of tax lien.

<u>An appropriate order and decision will be entered</u>.