T.C. Summary Opinion 2010-137


UNITED STATES TAX COURT


DONALD JOSEPH BYK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9964-09S.            Filed September 16, 2010.


Donald Joseph Byk, pro se.

Robert Saal, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.[1]  Pursuant to
section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

This case is before the Court on petitioner's request for judicial review of respondent's determination sustaining a notice of Federal tax lien (NFTL) filing to collect employment taxes for the tax period ending June 30, 2000.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and the accompanying exhibits by this reference. Petitioner resided in New Jersey when his petition was filed.

Petitioner operated a dental practice beginning in 1972. His practice was separated into general dentistry and orthodontics. Petitioner operated the general dentistry practice as a business reported on Schedule C, Profit or Loss From Business. He operated the orthodontics practice as a corporation.

Sometime in 2007 petitioner received a letter from respondent stating that Form 941, Employer's Quarterly Federal Tax Return, for petitioner's general dentistry business had not been filed for the tax period ending June 30, 2000. Petitioner called his accountant, and an apparent retained copy of Form 941 for the questioned tax period was sent to respondent. No remittance accompanied the Form 941 sent in 2007.

Respondent treated the Form 941 sent in 2007 as an original return filed as of January 7, 2008. Respondent issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320 dated October 7, 2008, stating that petitioner had not fully paid his employment tax liabilities for the tax period ending June 30, 2000. Respondent received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing on November 26, 2008.

Petitioner participated in a telephone collection due process (CDP) hearing on February 10, 2009, where he asserted that the employment tax was paid in 2000. Petitioner did not offer any collection alternatives. A Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was issued on April 17, 2009, stating that the tax liability for the tax period ending June 30, 2000, was valid and had not been paid. The notice states: "Collection followed all legal and procedural requirements and the actions taken or proposed were appropriate under the circumstances." The attachment to the notice of determination states

> Appeals has obtained verification from the IRS office collecting the tax that the requirements of any applicable law, regulation or administrative procedure with respect to the proposed levy or NFTL filing have been met. Computer records indicate that the notice and demand, notice of intent to levy and/or notice of federal tax lien filing, and notice of a right to a Collection Due Process hearing were issued.

## Discussion

If a taxpayer fails to pay any Federal income tax liability after notice and demand, a lien in favor of the United States is imposed on all the property of the delinquent taxpayer. Sec. 6321. Within 5 business days after filing a tax lien, the IRS must provide written notice of that filing to the taxpayer. Sec. 6320(a). After receiving such notice, the taxpayer may request an administrative hearing before the Office of Appeals. Sec. 6320(a)(3)(B). A CDP hearing concerning a lien under section 6320 is to be conducted in accordance with the relevant provisions of section 6330. Sec. 6320(c). We have jurisdiction under section 6330(d)(1) to review the Commissioner's determination that the NFTL was proper and that the Commissioner may proceed to collect by it.[2]

In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding proposed

---

[2]The Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, amended sec. 6330(d) and granted this Court jurisdiction over all sec. 6330 determinations made after Oct. 16, 2006. Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007).

collection actions for abuse of discretion.  <u>Sego v.</u>
<u>Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 182.[3]
An abuse of discretion occurs when the exercise of discretion is
without sound basis in fact or law.  <u>Murphy v. Commissioner</u>, 125
T.C. 301, 308 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

At the collection hearing, a taxpayer may raise any relevant
issues relating to the unpaid tax or proposed levy, including
spousal defenses, challenges to the appropriateness of the
collection actions, and offers of collection alternatives.  Sec.
6330(c)(2)(A).  In addition, he may challenge the existence or
amount of the underlying tax liability, but only if he did not
receive a notice of deficiency or otherwise have an opportunity
to dispute such liability.  Sec. 6330(c)(2)(B).

In making a determination following a collection hearing,
the Appeals officer (AO) must consider:  (1) Whether the
requirements of any applicable law or administrative procedure
have been met, (2) any relevant issues raised by the taxpayer,
and (3) whether the proposed collection action balances the need
for efficient collection with legitimate concerns that the

---

[3]A challenge to the amount of tax unpaid is a challenge to
the validity of the underlying tax liability and is reviewed de
novo.  See <u>Landry v. Commissioner</u>, 116 T.C. 60, 62 (2001); see
also <u>Boyd v. Commissioner</u>, 117 T.C. 127, 131 (2001).
Respondent's verification is mandatory.  Therefore, the issue is
a question of law, and the standard of review does not matter.
See <u>Hoyle v. Commissioner</u>, 131 T.C. 197 (2008).

collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

Independent of any issue raised or argument made by the taxpayer, section 6330(c)(1) requires the AO conducting a CDP hearing to "verify that the requirements of any applicable law or administrative procedure have been met."  Hoyle v. Commissioner, 131 T.C. 197, 199 (2008).  When the CDP hearing concerns a self-reported tax liability, the AO must verify that:  (1) The IRS timely assessed the liability, (2) the taxpayer failed to pay the liability, (3) the taxpayer was given a notice and demand for payment, and (4) the taxpayer was given an NFTL filing.  Med. Practice Solutions, LLC v. Commissioner, T.C. Memo. 2009-214.  If those requirements have not been met, the collection cannot proceed, and the AO cannot sustain the proposed collection action.  Id.  In other words, verification is required to be a part of every determination.  Hoyle v. Commissioner, supra at 202.  "In view of the mandatory nature of the verification requirement, 'this Court will review the Appeals officer's verification under section 6330(c)(1) without regard to whether the taxpayer raised it at the Appeals hearing', * * * as long as the taxpayer has adequately raised the issue in her appeal".  Med. Practice Solutions, LLC v. Commissioner, supra (quoting

Hoyle v. Commissioner, supra at 202-203).  We are satisfied that
petitioner raised this issue.[4]

In the notice of determination, the AO summarily concluded:
"Collection followed all legal and procedural requirements and the
collection actions taken or proposed were appropriate under the
circumstances."  The attachment to the notice of determination
simply reiterated verbatim the language that the Internal Revenue
Manual states as necessary to minimally document legal and
administrative review.  See IRM pt. 8.22.2.2.4.7 (Oct. 30, 2007).

A clear record of relevant transactions is necessary in a
section 6330 court proceeding.  See Wright v. Commissioner, 381
F.3d 41 (2d Cir. 2004), vacating and remanding T.C. Memo. 2002-
312.[5]  Respondent apparently relied upon transcripts for
petitioner's general dentistry business and his corporation that

---

[4]Petitioner raised the issue of verification in his petition
by questioning the validity of respondent's claim and at trial by
questioning the procedures in place to keep respondent from
assessing taxes from any year he wishes.  We construe broadly
petitioner's petition as a pro se litigant.  See Rule 31(d);
Lukovsky v. Commissioner, T.C. Memo. 2010-117 (citing Haines v.
Kerner, 404 U.S. 519, 520 (1972)).

[5]In Wright v. Commissioner, 381 F.3d 41, 44 (2d Cir. 2004),
vacating and remanding T.C. Memo. 2002-312, which was a sec. 6330
case, the Court of Appeals for the Second Circuit described the
unsatisfactory record before it as follows:

The parties' confusion is understandable; the relevant
timeline and tax amounts have been reconstructed using
photocopied forms, computer screen printouts, and dot-matrix
printouts of tax account balances.  Many of these records
have no supporting explanation (and therefore are
inscrutable to any non-employee of the IRS) * * *.

respondent was unable to fully explain to either petitioner or the Court. The Court questioned respondent about entries in the transcripts, specifically asking about entries concerning nonfiling of returns. Respondent agreed with the Court that the Internal Revenue Service routinely offers a transcript documenting the nonfiling of a return or a Form 3050, Certification of Lack of Record. No such documentation was provided.[6] No explanation, other than for two codes, was given to decipher the numerous symbols and codes in respondent's transcripts. Petitioner testified that he did not understand the letters and numbers that make up the code in respondent's transcripts.[7] To complicate matters, respondent's witness could not explain to the Court many of the codes and acronyms referenced in the transcript.[8] Respondent simply asserted, on the

---

[6]Nor was any reason given for the length of time that passed between the tax period at issue, ending June 30, 2000, and respondent's informing petitioner, sometime in 2007, that a Form 941 was not on file for the tax period at issue.

[7]This is not an issue unique to petitioner. We have noted on prior occasions the problem of understanding IRS transcripts. "Many of the documents in the administrative file and most of the documents labeled as transcripts of * * * [the taxpayer's] account are full of abbreviations, alphanumeric codes, dates, and digits that are indecipherable and unintelligible without additional explanation." Barnes v. Commissioner, T.C. Memo. 2010-30.

[8]Respondent's witness could identify two codes used in the transcripts. When questioned by the Court as to the meaning of other codes and when asked to explain how the transcript system works, the witness responded that she was unable to answer the
(continued...)

basis of the incomplete testimony of his witness, that petitioner's Form 941 for that tax period was not filed until 2008.

Petitioner supplied an apparent copy of a Form 941 from his accountant that respondent had requested. Petitioner asserts that the original return was properly filed and the reported tax liability timely paid. The issue of petitioner's filing a Form 941 raises questions about the validity of respondent's determination and an irregularity in the assessment procedure. See Rivera v. Commissioner, T.C. Memo. 2003-35, affd. 102 Fed. Appx. 594 (9th Cir. 2004).

Respondent has not adequately shown that an attempt was made to verify whether a Form 941 was timely filed and the tax liability timely paid by petitioner in 2000. If respondent did not validly assess petitioner's tax liability, then a lien would not have arisen with respect to that tax liability and collection could not proceed. See secs. 6203, 6322; see also Hoyle v. Commissioner, supra at 205. Accordingly, if assessment was invalid, the determination to proceed with the lien was error as a matter of law. See Hoyle v. Commissioner, supra at 205.

A review of the entire record reveals that respondent did not offer sufficient evidence that the AO had verified that all

---

⁸(...continued)
Court's questions.

legal and procedural requirements were met in the assessment of petitioner's employment tax liability for the period ending June 30, 2000. It is within the Court's discretion to remand the case to Appeals for further review. See Hoyle v. Commissioner, 131 T.C. 197 (2008); Calafati v. Commissioner, 127 T.C. 219 (2006); Lunsford v. Commissioner, 117 T.C. 183 (2001). Further review is often necessary to protect a taxpayer's due process rights concerning a CDP hearing. Lunsford v. Commissioner, supra at 189 (remand appropriate if taxpayer not afforded proper section 6330 hearing). Given respondent's inadequate verification and the length of time that has passed since the tax period in question, we conclude that remand is unnecessary and would not be productive. See id.; see also Marlow v. Commissioner, T.C. Memo. 2010-113 (citing Lunsford v. Commissioner, supra at 189).

The determination to proceed with collection without verification of all legal and procedural requirements was error as a matter of law.

To reflect the foregoing,

Decision will be entered for petitioner.