GREENOAK HOLDINGS LIMITED, SOUTHBROOK PROPERTIES LIMITED AND WESTLYN PROPERTIES LIMITED, PETITIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12075–13L.    Filed September 16, 2014.

R issued a final notice of intent to levy to estate (E) to collect unpaid estate tax. E requested a hearing before an IRS Appeals officer (AO) pursuant to I.R.C. sec. 6330. Following the hearing, AO issued a notice of determination to E sustaining the proposed levy as to E's nonprobate assets. Among the nonprobate assets reported on the estate tax return was an offshore trust that owned certain entities (Ps). Ps petitioned the Tax Court for review of the notice of determination issued to E. No petition was filed on behalf of E. R moved to dismiss for lack of jurisdiction. *Held*: The "person" entitled to the rights and protections set forth in I.R.C. sec. 6330 is the taxpayer liable for unpaid Federal tax. *Held*, *further*, under I.R.C. sec. 6330(d), this Court lacks jurisdiction over a petition filed by a party who is neither the taxpayer nor an authorized representative of the taxpayer.

*Michael Ben-Jacob*, for petitioners.
*Frederick C. Mutter*, for respondent.

RUWE, *Judge*: Respondent issued a notice of determination to the personal representative of the Estate of James B. Irwin on May 1, 2013. Greenoak Holdings Limited, Southbrook Properties Limited, and Westlyn Properties Limited (petitioners) filed a petition for judicial review with the Tax Court on May 30, 2013. The issues for decision are: (1) whether petitioners' alleged ownership interest in property that might be subject to levy by respondent entitles them to the rights afforded to "persons" under section 6330[1] and (2) whether this Court has jurisdiction under section 6330(d) of an appeal filed by entities other than the taxpayer liable for the unpaid Federal tax.

FINDINGS OF FACT

At the time the petition was filed, petitioners' principal place of business was in Nassau, Bahamas.

_____

[1] All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

170

James B. Irwin (decedent) died on September 21, 2009. On November 19, 2009, Howard L. Crown was appointed personal representative of decedent's estate (estate). Respondent received from the estate a Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return (estate tax return), in December 2010, which was signed by Mr. Crown as executor and reported the estate's probate and nonprobate assets. Among the nonprobate assets listed on the estate tax return was the Karamia Settlement, an offshore trust governed by the laws of Jersey in the Channel Islands, to which decedent allegedly made property transfers before death. The Karamia Settlement is the owner of petitioners. [2]

The estate failed to timely pay the estate tax reported on the estate tax return because, according to Mr. Crown, it did "not have funds available * * * which [is] attributable to the inclusion of the Karamia Settlement in the decedent's gross estate." Respondent assessed the tax reported on the estate tax return on January 31, 2011, along with an addition to tax for failure to timely pay tax shown on the estate tax return and accrued interest.

On November 28, 2012, respondent issued to Mr. Crown a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Although the record before the Court does not indicate the exact amount reported on the estate tax return, the July 2, 2012, notice of intent to levy states that the estate owes a balance of $7,526,038.88. Mr. Crown timely submitted a request for a collection due process (CDP) hearing on December 27, 2012. The CDP hearing between Mr. Crown, his representative Mr. Pearson, and respondent was conducted via telephone conference on April 18, 2013. During the CDP hearing the estate argued that the penalties for failure to timely pay the estate tax due should be abated in the light of the estate not having sufficient liquid assets.

On May 1, 2013, respondent sent to the estate, in care of Mr. Crown, a notice of determination. The notice of determination (1) sustained the proposed levy against the estate's nonprobate assets (i.e., those assets not in the custody of the

---

[2] The record before the Court does not specify what assets are included in the Karamia Settlement other than petitioners. Mr. Crown, however, contends that the Karamia Settlement consists of various "worldwide properties and entities."

Probate Court), (2) did not sustain the proposed levy as to the estate's probate assets (i.e., those assets in the custody of the Probate Court), and (3) denied the estate's request for penalty abatement. According to the notice of determination, the proposed levy was sustained as to only the nonprobate assets because "the Internal Revenue Service (Service) cannot administratively collect if the property is in the custody of the court." While not identifying the nonprobate assets subject to levy, the notice of determination instructed that "Collection has to properly determine which assets are probate and which are not probate."

Mr. Crown did not file a petition for review of the May 1, 2013, notice of determination on behalf of the estate. However, after receiving a copy of the notice of determination from Mr. Crown, petitioners, on their own behalf, filed a petition with the Tax Court on May 30, 2013.

Upon receiving petitioners' petition, we issued an order to show cause on June 19, 2013, directing the parties and the estate to show cause in writing why the estate should not be substituted as petitioner. On July 11, 2013, respondent filed a motion to dismiss for lack of jurisdiction (motion to dismiss), arguing that this Court does not have jurisdiction over the instant matter because the proper party to petition the Court for review of the notice of determination (the estate) did not timely petition and no determination was made with respect to petitioners that would confer jurisdiction upon the Court. Mr. Crown, on behalf of the estate, filed a response that essentially agreed with respondent and asked that the case be dismissed.

On January 16, 2014, Mr. Crown filed a notice of substitution of personal representative, indicating that he had resigned as personal representative of the estate and that Jill McCrory had been appointed as the successor personal representative. On May 6, 2014, Ms. McCrory filed supplemental responses to our order to show cause and respondent's motion to dismiss, arguing that: (1) petitioners have standing to pursue the instant litigation on their own behalf; (2) the case should not be dismissed for lack of jurisdiction; or alternatively, that (3) the estate should be substituted as party petitioner and petitioners should be allowed to intervene.

OPINION

The issue before us is whether petitioners are the proper parties to petition this Court for review of the May 1, 2013, notice of determination which was sent to the estate in care of Mr. Crown. Petitioners assert that they have an ownership interest in the nonprobate property that might be subject to levy and argue that they "did not receive proper notice of the proposed levy action and were not afforded a fair opportunity to contest the proposed levy action and underlying tax liability". Petitioners further argue that "[r]espondent's failure to provide proper notice under IRC Section 6330 * * * deprived [p]etitioner[s] of * * * [their] due process right to contest the amount of tax due in a hearing before an impartial Appeals Officer under IRC Section 6330(c), and to seek judicial review of any determination thereof under IRC Section 6330(d)." Petitioners nonetheless conclude that the "substance" of the May 1, 2013, notice of determination supports the proposition that this Court has jurisdiction over the instant appeal.

Respondent argues that Mr. Crown, as the personal representative of the estate, was the appropriate party to receive prelevy notice and to exercise any CDP hearing rights. Moreover, respondent argues that the taxpayer (i.e., the estate in care of Mr. Crown) was the proper party to appeal the May 1, 2013, notice of determination. Respondent concludes that "[p]etitioners have not demonstrated that a [n]otice of [d]etermination sufficient to confer jurisdiction on this Court with respect to the estate tax liability of the [e]state was issued to them by * * * [respondent] as required by I.R.C. §§ 6330(c) and/or 6330(d)." We will begin by discussing the relevant law pertaining to collection actions and then will explain why we lack jurisdiction over petitioners' appeal.

When "any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand", the Commissioner is authorized to collect the unpaid tax "by levy upon all property and rights to property * * * belonging to such person". Sec. 6331(a). Section 6330(a)(1) provides that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before

such levy is made." If timely requested by "the person", a CDP hearing is held by an Appeals officer within the Commissioner's office who has had no prior involvement with respect to the unpaid tax. Sec. 6330(b); *see Offiler v. Commissioner*, 114 T.C. 492, 496 (2000). At the hearing "[t]he person" may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). The person is also entitled to raise issues regarding the underlying tax liability "if the person did not receive any statutory notice of deficiency for such tax liability". Sec. 6330(c)(2)(B). Following the CDP hearing the Appeals officer will determine whether proceeding with the proposed levy is appropriate and issue a notice of determination. Sec. 6330(c)(3); *Offiler v. Commissioner*, 114 T.C. at 498.

If dissatisfied with the determination of Appeals, "[t]he person" may seek judicial review in the Tax Court. Sec. 6330(d). During such review the suspension of levy continues. Sec. 6330(e); *Blaga v. Commissioner*, T.C. Memo. 2010–170, 2010 Tax Ct. Memo LEXIS 206, at *12. We have jurisdiction to review the determination made by Appeals, and said determination is the focus of this Court under section 6330(d). *See Offiler v. Commissioner*, 114 T.C. at 498. We generally review the Appeals officer's determination for abuse of discretion. *See Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–182 (2000). Under the abuse of discretion standard, we decide whether the determination of the Appeals officer was arbitrary, capricious, or without a sound basis in fact or law. *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). However, we review a determination regarding the underlying tax liability de novo where "the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); *see Montgomery v. Commissioner*, 122 T.C. 1, 8 (2004); *Sego v. Commissioner*, 114 T.C. at 610; *Goza v. Commissioner*, 114 T.C. at 181–182. The only person entitled to receive a notice of deficiency is the taxpayer. *See* secs. 6212 and 6213.

Thus far, all of the reported cases under section 6330(d) where we have recognized jurisdiction have been based on petitions filed by taxpayers or their authorized personal rep-

resentatives. *See, e.g.*, *Lunsford v. Commissioner*, 117 T.C. 159 (2001); *Offiler v. Commissioner*, 114 T.C. at 492; *Thompson v. Commissioner*, T.C. Memo. 2013–260; *Estate of Deese v. Commissioner*, T.C. Memo. 2007–362, 2007 Tax Ct. Memo LEXIS 378. However, petitioners argue that they are the proper parties to appeal the May 1, 2013, notice of determination that was sent to the estate—and that this Court has jurisdiction over the instant appeal—because section 6330(d) "does not limit the Court's jurisdiction with respect solely to a designated party." Specifically, petitioners argue that the term "person" in section 6330 includes any person who might claim a right in property that is intended to be levied upon even if that person is not the taxpayer or the taxpayer's authorized representative. Petitioners cite no previous Court opinions that support their argument, and their argument presents us with an issue of first impression.

Petitioners go on to argue that their property does not constitute property of the estate that is subject to levy by respondent. Nevertheless, they argue that respondent intends to levy upon their property because the Karamia Settlement was shown on the estate tax return as property of the estate. (Neither the notice of determination nor the notice of intent to levy identified the specific property on which respondent intends to levy). Since petitioners allege that they, not the estate, are the owners of the property, they conclude that section 6330 applies to them and that they are a "person" who was entitled to receive notice, a CDP hearing, and to appeal the May 1, 2013, notice of determination sent to the estate. We disagree.

The meaning of the word "person" throughout section 6330 is critical to the resolution of this case. Section 6330 provides, in pertinent part:

> SEC. 6330. NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.
> (a) REQUIREMENT OF NOTICE BEFORE LEVY.—
>   (1) IN GENERAL.——No levy may be made on any property or right to property of any *person* unless the Secretary has notified such *person* in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.

> \* \* \* \* \* \* \*

(b) RIGHT TO FAIR HEARING.—

\* \* \* \* \* \* \*

(2) ONE HEARING PER PERIOD.—A *person* shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax specified in subsection (a)(3)(A) relates.

\* \* \* \* \* \* \*

(c) MATTERS CONSIDERED AT HEARING.—In the case of any hearing conducted under this section—

\* \* \* \* \* \* \*

(2) ISSUES AT HEARING.—
    (A) IN GENERAL.—The *person* may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including—
        (i) appropriate spousal defenses;
        (ii) challenges to the appropriateness of collection actions; and
        (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
    (B) UNDERLYING LIABILITY.—The *person* may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the *person* did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

\* \* \* \* \* \* \*

(d) PROCEEDING AFTER HEARING.—
    (1) JUDICIAL REVIEW OF DETERMINATION.—The *person* may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).
    (2) JURISDICTION RETAINED AT IRS OFFICE OF APPEALS.—The Internal Revenue Service Office of Appeals shall retain jurisdiction with respect to any determination made under this section, including subsequent hearings requested by the *person* who requested the original hearing on issues regarding—
        (A) collection actions taken or proposed with respect to such determination; and
        (B) after the *person* has exhausted all administrative remedies, a change in circumstances with respect to such person which affects such determination.
[Emphasis added.]

Petitioners interpret "person" broadly so as to include any third party claiming an ownership right in property that might be subject to levy to collect the unpaid taxes of another person. Thus, they claim all of the rights conferred in section 6330, including the right to appeal a notice of determination

to this Court, even if the notice of determination was issued only to the person who owed tax. In analyzing the text of a statute, this Court is guided by the basic principle that a statute should be read as a harmonious whole, with its separate parts being interpreted within their broader statutory context in a manner that furthers the statutory purpose. *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988); *Guardian Indus. Corp. v. Commissioner*, 143 T.C. 1, 21 (2014). A comprehensive reading of section 6330 in its context demonstrates that "[t]he person" contemplated within the statutory framework is the person who owes the unpaid tax and that the only property that is subject to levy is the property of the person who owes the tax.

When section 6330 was enacted in 1998, it provided taxpayers with new procedural protections in the case of a levy which was already authorized by section 6331.[3] The levy authority provided in section 6331 is restricted to property of "the person" liable to pay the tax. Section 6331(a) provides:

SEC. 6331(a). AUTHORITY OF SECRETARY.—If *any person liable to pay any tax* neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all *property and rights to property* (except such property as is exempt under section 6334) *belonging to such person* or on which there is a lien provided in this chapter for the payment of such tax. * * * [Emphasis added.]

The only property that is properly subject to levy under section 6331 is property and rights to property belonging to the person who owes the tax. Section 6330(d) allows a "person" whose property is going to be levied upon pursuant to section 6331 to appeal a notice of determination to the Tax Court and provides the Tax Court with jurisdiction over the appeal. Petitioners would have us believe that any person other than the delinquent taxpayer who alleges an ownership interest in property that might be subject to levy, is able to petition the Court for review of a notice of determination issued to a delinquent taxpayer. However, when read in its entirety and in context, section 6330 is unambiguously a taxpayer-oriented statute that provides *the taxpayer* with rights, defenses, and the ability to appeal a notice of determination.

---

[3] Sec. 6331, which authorized levy on a taxpayer's property, already contained certain notice and procedural provisions.

Section 6330(a)(3)(A) provides that the person will be delivered a prelevy notice which includes "the amount of unpaid tax". Section 6330(b)(2) instructs that the person who received the prelevy notice is "entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax * * * relates." Section 6330(c)(2)(A) allows the person to raise at the hearing any relevant issue relating to the unpaid tax or proposed levy, including "appropriate spousal defenses" and "collection alternatives". Furthermore, section 6330(c)(2)(B) allows the person in certain cases to raise at the hearing any "challenges to the existence or amount of the underlying tax liability" if the person did not receive a notice of deficiency. These provisions involve due process protections and defenses pertaining to the taxpayer, not any third party who claims an ownership interest in property that might be subject to a proposed levy. Accordingly, we find that none of petitioners is a "person" as contemplated by section 6330, and therefore they cannot appeal a notice of determination issued to the estate in care of Mr. Crown.

The legislative history of section 6330 buttresses our conclusion that only the taxpayer or an authorized representative is to be provided with prelevy notice, CDP hearing rights, and the ability to petition for judicial review. Section 6330 was enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105–206, sec. 3401(b), 112 Stat. at 747, in order to establish "formal procedures designed to insure due process where the IRS seeks to collect taxes by levy". H.R. Conf. Rept. No. 105–599, at 263 (1998), 1998–3 C.B. 747, 1017. The portion of the House conference report titled "Conference Agreement" that accompanied the enactment of section 6330 makes clear that it is the taxpayer, not a third party with alleged ownership interests, who is afforded prelevy notice and due process protections:

> The IRS would be required to provide the *taxpayer* with a "Notice of Intent to Levy," formally stating its intention to collect a tax liability by levy against the *taxpayer's* property or rights to property. * * *

> [T]he *taxpayer* may demand a hearing before an appeals officer who has had no prior involvement with the *taxpayer's* case, other than in connection with a hearing after the filing of a notice of tax lien. * * * In general, any issue that is relevant to the appropriateness of the proposed

collection against the *taxpayer* can be raised at the pre-levy hearing. * * *

[*Id.* at 265, 1998–3 C.B. at 1019; emphasis added.]

The House conference report indicates that the provision was initiated in the Senate. The portion of the report titled "Senate Amendment" states that it is the taxpayer who has the right to appeal a notice of determination in the Tax Court:

The *taxpayer* may contest the determination of the appellate officer in Tax Court by filing a petition within 30 days of the date of the determination. The IRS may not take any collection action pursuant to the determination during such 30-day period or while the *taxpayer's* contest is pending in Tax Court. [*Id.* at 264, 1998–3 C.B. at 1018; emphasis added.]

Moreover, the regulations prescribed under section 6330 support our conclusion that petitioners are not appropriate parties to appeal a notice of determination issued to the estate. Petitioners cite section 301.6330–1(a)(3), Q&A–A1, Proced. & Admin. Regs., in support of the proposition that any "person whose property or right to property is intended to be levied upon" is required to receive a notice of intent to levy. From this language, petitioners glean that, because they allege an ownership interest in property that might be levied upon, this Court maintains jurisdiction over their appeal. Again, we disagree.

Section 301.6330–1(a)(3), Q&A–A1, Proced. & Admin. Regs., explains "[w]ho is the person to be notified under section 6330" of the Commissioner's intent to levy. The regulation plainly provides that the person to be notified is "the person liable to pay the tax due after notice and demand who refuses or neglects to pay (referred to here as the taxpayer). A prelevy or postlevy CDP Notice therefore will be given only to *the taxpayer*." *Id.* (emphasis added). Furthermore, the regulation explains that a party in petitioners' position is not entitled to receive notice:

Q–B5. Will the IRS give pre-levy or post-levy CDP Notices to known nominees of, persons holding property of, or persons holding property subject to a lien with respect to the taxpayer?

A–B5. No. Such person is not the person described in section 6331(a) and is, therefore, not entitled to a CDP hearing or an equivalent hearing * * *. Such person, however, may seek reconsideration by the IRS office collecting the tax, assistance from the National Taxpayer Advocate, or an administrative hearing before Appeals under its Collection Appeals

> Program. However, any such administrative hearing would not be a CDP hearing under section 6330 and any determination or decision resulting from the hearing would not be subject to judicial review.
>     [Sec. 301.6330–1(b)(2), Q&A–B5, Proced. & Admin. Regs.]

The regulations provide that a notice of intent to levy is required to be sent only to the taxpayer. In the matter sub judice, it is undisputed that the taxpayer liable for the payment of Federal tax is the estate and the personal representative of the estate, not petitioners. *See* sec. 2002. The regulations further provide that "persons holding property of" the taxpayer are not entitled to prelevy or postlevy notice; however, they may seek other avenues of redress which are not subject to judicial review in the Tax Court.[4] Sec. 301.6330–1(b)(2), Q&A–B5, Proced. & Admin. Regs.

Upon replacing Mr. Crown as personal representative of the estate on January 16, 2014, Ms. McCrory filed supplemental responses to our order to show cause and respondent's motion to dismiss. In her responses Ms. McCrory took a position contrary to Mr. Crown. Specifically, Ms. McCrory argued that: (1) petitioners have standing to pursue the instant litigation; (2) the case should not be dismissed for lack of jurisdiction; or alternatively, that (3) the estate should be substituted as party petitioner and petitioners should be allowed to intervene "in order to adequately protect their interests" in property subject to levy.

Concerning our jurisdiction over petitioners' appeal, Ms. McCrory looks to the legislative history underlying section 6330 to support the proposition that "'affected third parties' are entitled to collection due process rights under I.R.C. § 6330." Specifically, Ms. McCrory quotes the following language from the portion of the House conference report titled "Senate Amendment":

> The taxpayer (or affected third party) is allowed to raise any relevant issue at the hearing. Issues eligible to be raised include (but are not limited to):
>
>   (1) challenges to the underlying liability as to existence or amount;
>   (2) appropriate spousal defenses;
>   (3) challenges to the appropriateness of collection actions; and

---

[4] While the regulations under sec. 6330 are consistent with our position, we do not base our decision on the regulations. *See SECC Corp. v. Commissioner*, 142 T.C. 225, 234 n.5 (2014) ("We owe no deference to what an administrative agency says about our jurisdictional bounds.").

(4) collection alternatives, which could include the posting of a bond, substitution of other assets, an installment agreement or an offer-in-compromise.

[H.R. Conf. Rept. No. 105–599, *supra* at 264, 1998–3 C.B. at 1018.]

*See* S. Rept. No. 105–174, at 68 (1998), 1998–3 C.B. 537, 604. From this language Ms. McCrory concludes that it was "the express will of Congress" to provide affected third parties— such as petitioners—with the same due process rights under section 6330 as taxpayers liable for unpaid Federal tax. We find Ms. McCrory's argument unconvincing.

To begin with, the quoted portion of the legislative history concerns the original Senate Amendment and only mentions "affected third parties" with respect to attending and raising specified issues at the CDP hearing. While the Senate Amendment portion of the legislative history suggests that an affected third party might be permitted to participate in a CDP hearing, there is no suggestion that persons who are not taxpayers have notice or appeal rights. The subsequent conference report plainly states that notice and appeal rights are conferred only to the taxpayer, and the subsequent conference agreement omits the parenthetical regarding affected third parties that Ms. McCrory relies upon. Secondly, if we were to accept Ms. McCrory's argument that affected third parties are entitled to prelevy notice, it would prove administratively inconsistent with the express intent of the legislature concerning notice. The House conference report states that "[t]he Notice of Intent to Levy would not be required to itemize the property the Secretary seeks to levy on." H.R. Conf. Rept. No. 105–599, *supra* at 265, 1998–3 C.B. at 1019. Because the Commissioner is not required to itemize the property of the taxpayer subject to levy—as is the case in the matter sub judice—it would be impossible to provide alleged owners of the yet-to-be-determined property with prelevy notice. We conclude that the legislative history does not support the argument that "affected third parties" are entitled to notice or appeal rights.

Furthermore, Ms. McCrory's attempt to substitute the estate as a party is contrary to Mr. Crown's original position. Mr. Crown did not file a timely petition, and did not intend to petition, for review of the May 1, 2013, notice of determination. On May 6, 2014—nearly one year after the deadline to appeal from the May 1, 2013, notice of determina-

tion—Ms. McCrory filed a supplemental response attempting to support petitioners' right to petition and to reverse the original position of the estate. However, it is clear that the estate and its original personal representative did not intend to file a petition on the estate's behalf during the time for filing a petition, and any belated attempt to do so cannot be the basis for our jurisdiction. *See* Rule 41(a) ("No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file."). [5]

Section 6330 was enacted to give new procedural rights to taxpayers who owned property that the Commissioner intended to levy upon. Persons other than taxpayers who claimed ownership rights in property subject to levy already had procedural rights to contest a levy on the ground that they were the true owners. Section 7426(a)(1) provides:

> (1) WRONGFUL LEVY.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

If the Internal Revenue Service levies upon a third party's property to collect taxes owed by another, the third party may bring a wrongful levy action against the United States pursuant to section 7426(a)(1). Section 7426(a)(1) provides the exclusive remedy for third-party wrongful levy claims. *See EC Term of Years Trust v. United States*, 550 U.S. 429, 435 (2007); *Elias v. Commissioner*, 100 T.C. 510, 519 n.10 (1993); *Cutler v. Commissioner*, T.C. Memo. 2013–119, at *32. Section 7426(a) gives the District Courts jurisdiction to hear wrongful levy actions. This Court has no jurisdiction

---

[5] We have allowed ratification and amendment of an imperfect petition where it was clear that the original filing was made on behalf of the tax-payer by a person duly authorized to do so. *See Fletcher Plastics, Inc. v. Commissioner*, 64 T.C. 35, 37 (1975); *Brooks v. Commissioner*, 63 T.C. 709, 714 (1975). The matter sub judice does not fall within these parameters because a duly authorized representative of the estate did not file, nor intend to file, a timely petition for review of the May 1, 2013, notice of determination.

over section 7426 claims. *See Cutler v. Commissioner*, T.C. Memo. 2013–119, at *32.

We hold that a person, other than the taxpayer, who alleges an ownership interest in property which the Commissioner seeks to levy upon is not entitled to receive a notice of intent to levy and is not able to seek judicial review in this Court pursuant to a notice of determination issued to a delinquent taxpayer. Accordingly, we lack jurisdiction under section 6330(d) to hear petitioners' appeal.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

> *An order of dismissal for lack of jurisdiction will be entered.*