**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG K. POTTS; KRISTEN H. POTTS, | No. 17-73472 |
| Petitioners-Appellants, | Tax Ct. No. 12116-16L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted August 15, 2019[**]
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and LEFKOW,[***] District Judge.

Petitioners Craig K. Potts and Kristen H. Potts timely initiated a collection

due process case with the Internal Revenue Service ("IRS") concerning the IRS's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

intent to levy Petitioners' unpaid tax liabilities for tax years 2005 and 2013. A settlement officer set a deadline in March 2016 for Petitioners to submit an offer in compromise and supporting financial information. When Petitioners failed to meet that deadline, the settlement officer extended the deadline to April 2016 but warned Petitioners that no further extensions would be granted. When Petitioners again failed to submit any documents by the April deadline, the settlement officer closed the case. Petitioners timely sought review from the tax court, which denied relief. Petitioners now seek review from this court. We affirm.

1. The tax court correctly granted summary judgment to the Commissioner of Internal Revenue. See Sollberger v. Comm'r, 691 F.3d 1119, 1123 (9th Cir. 2012) (holding that we review de novo the tax court's grant of summary judgment).

(a) The tax court correctly held that the settlement officer acted well within her discretion by closing the case. Petitioners never submitted an offer in compromise or any financial documents—by the initial deadline or by the extended deadline, despite being warned that a failure to submit the requested documents would result in the closing of the case. Similarly, the settlement officer properly completed the legal prerequisites to closing the case.

(b) The tax court correctly held that Petitioners waived any challenge to liability for the 2013 tax year by declining to dispute 2013 liability both before the settlement officer and before the tax court.  At most, Petitioners mentioned, in passing, that they had made offers in compromise concerning the 2013 liability in proceedings outside the present collection proceedings and were contemplating making an offer in compromise concerning the 2013 liability.  Those assertions are not fairly understood as an actual challenge to the 2013 liability in the collection proceedings.  See 26 C.F.R. § 301.6330-1(f)(2) (A-F3) ("In seeking Tax Court review of a Notice of Determination, the taxpayer can only ask the court to consider an issue, including a challenge to the underlying tax liability, that was properly raised in the taxpayer's collection due process hearing.  An issue is not properly raised if the taxpayer fails to request consideration of the issue by Appeals . . . .").

(c) The tax court correctly held that Petitioners had an earlier opportunity to challenge their liability for 2005 tax year and that, accordingly, they could not challenge that liability in this collection proceeding.  See 26 U.S.C. § 6330(c)(2)(B) ("The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not

3

otherwise have an opportunity to dispute such tax liability."). Petitioners clearly had an earlier opportunity to dispute their 2005 liability because, in 2013, Petitioners affirmatively settled their liability for the 2005 tax year by signing a Form 870-AD. See, e.g., Deese v. Comm'r, 94 T.C.M. (CCH) 546, 2007 WL 4302435, at *2 (T.C. 2007) (holding that, by settling with the IRS via a Form 870-AD, the taxpayers "gave up any right to challenge their underlying liabilities in a collection proceeding").

We reject Petitioners' argument that the 2013 settlement was not an earlier opportunity to dispute the 2005 liability on the ground that the IRS allegedly destroyed their original tax records. Even assuming that records were lost, the tax court correctly held that Petitioners "were fully aware of that fact no later than November 2010," when the IRS returned all documents to Petitioners with a cover letter stating that the agency was returning all documents to Petitioners. Petitioners settled with the IRS in 2013, after receiving the IRS's 2010 package returning all documents to Petitioners. Whether or not their 2013 settlement binds them for all purposes, Whitney v. United States, 826 F.2d 896 (9th Cir. 1987), the tax court correctly concluded that Petitioners had an "opportunity to dispute [the 2005] tax liability" for purposes of 26 U.S.C. § 6330(c)(2)(B).

2.  The tax court did not abuse its discretion by denying Petitioners' motion to amend their tax court petition in order to challenge their 2013 tax liability.  See Kelley v. Comm'r, 877 F.2d 756, 761 (9th Cir. 1989) (holding that we review for abuse of discretion the tax court's denial of leave to amend), abrogated on other grounds by Bufferd v. Comm'r, 506 U.S. 523 (1993).  Because Petitioners failed to challenge the 2013 tax liability before the settlement officer, amendment of the tax court petition would have been futile.

3.  The tax court did not abuse its discretion or otherwise err by denying Petitioners' motion to remand to the IRS because of outstanding offers in compromise or amended tax returns initiated by Petitioners outside this collection proceeding.

**AFFIRMED.**

5